Raymond E. Goad, Jr., Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA LABORERS PENSION TRUST and TRUSTEES OF THE ALASKA LABORERS PENSION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL CONCRETE, INC.<br><br>Defendant. | Case No. 3:07-CV-_____<br><br><br>**PLAINTIFFS' COMPLAINT** |

COMES NOW plaintiffs the Alaska Laborers Pension Trust ("Pension Trust") and the trustees of the Alaska Laborers Pension Trust ("Trustees") by and through their attorneys, JERMAIN, DUNNAGAN & OWENS, P.C., and for their cause of action against the defendant General Concrete, Inc., complain and allege as follows:

{00165470 }

## I.

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest and penalties incurred by an employer as a result of withdrawal from the Pension Trust.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. This Court has jurisdiction over this action under Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. The Pension Trust is administered at its principal place of business located in Anchorage, Alaska. Venue is proper in the District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## II.

## PARTIES

4. Plaintiff Pension Trust is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Trust brings this suit in such capacity as an entity pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

5. Plaintiff Trustees are the current trustees of the Pension Trust and are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and

1451(a)(1), the trustees are authorized to bring this action in their capacity as fiduciaries for the purpose of collecting withdrawal liability.

6. At all relevant times, upon information and belief, General Concrete, Inc. is an Alaska corporation that did business in the State of Alaska. At all relevant times, upon information and belief, General Concrete was an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

III.

ERISA CAUSE OF ACTION

7. Plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1 through 6 of this Complaint, and further allege as follows.

8. At all relevant times General Concrete was a signatory to a collective bargaining agreement and compliance agreement with the Laborers' International Union of North America, Local 341 as that term is referenced at Section 515 of ERISA, 29 U.S.C. § 1145. Said agreements require compliance with the terms of the trust agreement governing the Pension Trust. The agreements of the respective trusts are writings that comply in all respects with the requirements of § 302 of the LMRA, 29 U.S.C. § 186(c)(5).

9. The collective bargaining agreement and trust agreement require General Concrete to make monetary contributions to the Pension Trust for retirement accounts of the individuals covered as set forth in the collective bargaining agreement and trust agreements.

10. On or about September 15, 2005, defendant General Concrete permanently ceased to have an obligation to contribute to the Pension Trust thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, defendant General Concrete incurred withdrawal liability to the Pension Trust in the amount of $1,404.00 as determined under Section 4211(b) of ERISA, 29 U.S.C. § 1391(b).

12. On or about June 20, 2007, defendant General Concrete received a notice and demand for payment of withdrawal liability issued by the Pension Trust in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice notified General Concrete that it was required to discharge its liability in one payment. Exhibit 1.

13. On or about August 21, 2007, defendant General Concrete received a notice from the Pension Trust that its withdrawal liability payments were past due, and which forewarned defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A). Exhibit 2.

14. Defendant General Concrete did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Trust is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

15. Defendant General Concrete has failed to make the withdrawal liability payments to the Pension Trust and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

16. Defendant General Concrete is liable for the full withdrawal liability incurred in the amount of $1,404.00.

IV.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs request the following relief:

1. A judgment against Defendant on behalf of plaintiffs, in the sum of $1,404.00 in withdrawal liability.

2. A judgment for the interest on the entire amount of the withdrawal liability charged at the contract rate of 10 percent (10%) per annum.

3. An amount equal to the greater of: (i) interest on the unpaid liability, or (ii) liquidated damages of twenty percent (20%) of the unpaid withdrawal liability as provided in Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2) (C)

4. Attorneys fees and costs of this action, as provided in Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2) (D).

5. That this Court retain jurisdiction of this case pending compliance with its orders; and

6. For such other and further relief as the Court deems just and equitable, as provided in Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2) (E).

DATED this 31st day of October, 2007.

>JERMAIN, DUNNAGAN & OWENS, P.C.
>Attorneys for Plaintiffs
>
>By: s/Raymond E. Goad, Jr.
> Raymond E. Goad, Jr.
> Jermain, Dunnagan & Owens
> 3000 A Street, Suite 300
> Anchorage, AK 99503
> (907) 563-8844
> (907) 563-7322
> rgoad@jdolaw.com
> ABA No. 0111062